UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
BWP MEDIA USA INC.                              :        1:15 Civ. 08018 (JGK)
d/b/a PACIFIC COAST NEWS,              :
:
                      Plaintiff,            :        **JOINT RULE 26(f)**
:        **REPORT & [PROPOSED]**
    -against-                                :        **DISCOVERY PLAN**
:
THEODORA & CALLUM, LLC,           :
:
                      Defendant.          :
:
------------------------------------------------------------x

    Counsel for the parties, having conferred pursuant to Federal Rule of Civil Procedure 26(f), hereby submit this Joint Rule 26(f) Report and Proposed Discovery Plain.

    **i.  Brief Statement of the Case:**

    Plaintiff's Statement: Plaintiff provides entertainment-related photojournalism goods and services, and owns the rights to a magnitude of photographs featuring celebrities that it licenses to online and print publications. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests, and Plaintiff has copyright registrations covering the photographs at issue in this matter. Plaintiff alleges that Defendant, in violation of Plaintiff's rights under 17 U.S.C. § 106, copied, stored, modified and displayed Plaintiff's copyrighted photographs by posting copies of said photographs on the website www.theodoraandcallum.com (the "Website"), which Plaintiff alleges is owned and operated by Defendant. Plaintiff thus brings claims against Defendant for direct and vicarious copyright infringement under 17 U.S.C. § 501 *et seq*. and seeks statutory damages against Defendant, pursuant to 17 U.S.C. § 504(c), of up to $150,000 per infringement in an amount to be proven at trial, plus Plaintiff's attorney's fees and costs for the prosecution of this action under 17 U.S.C. § 505.

    Defendant's Statement: Defendant intends to challenge Plaintiff's allegations of willful copyright infringement, Plaintiff's alleged ownership of valid copyrights covering photographs allegedly used by Defendant in violation of said copyrights, Plaintiff's alleged damages and calculations thereof, and Plaintiff's alleged entitlement to recover its attorney's fees and costs incurred in this action.

    Joint Statement: The parties agree that this is not the type of case that qualifies as complex litigation.

ii. **Possibility of Settlement / ADR:**

The parties have conferred privately in an effort to resolve this case without resort to litigation but have been unable to reach an amicable resolution thus far. The parties are open to the possibility of mediation if and when appropriate.

iii. **Rule 26(a)1 Disclosures:**

The parties have not yet exchanged initial disclosures but agree to do so by Friday, December 4, 2015.

iv. **Preservation of Discoverable Information:**

The parties agree that they have and will continue to take reasonable measures to preserve all potentially discoverable information in their possession, custody or control from alternation or destruction, whether such information is obtained within the ordinary course of business or otherwise.

v. **Discovery**

    a. *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made;*

    At the current time, the parties do not request any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

    b. *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

    <u>Plaintiff's Statement:</u> At this time, and while reserving its right to add to, modify, or supplement this list, Plaintiff intends to conduct discovery on the following topics, including through interparty written discovery, third party written discovery, and depositions: (1) Defendant's internal policies and procedures regarding copyright compliance, and complaints and demand letters received regarding intellectual property infringement; (2) Defendant's yearly and quarterly revenue, profit, and/or losses; (3) Analytics for Defendant's Website; (4) The status of and the relationship between the individuals who posted Plaintiff's photographs and Defendant; (5) Defendant's ownership of and payment for the domain names for the Website, including the billing records from the domain name registrar; (6) The ownership, creation, and operation of Defendant's Website, including contracts and billing records for the Website's developers and users; (7) Persons responsible for creating and maintaining content on Defendant's Website; (8) Any other issues attendant to the claims set

forth in Plaintiff's Complaint and/or Defendant's Answer and Affirmative Defenses.

<u>Defendant's Statement:</u> At this time and while reserving its right to add to, modify, or supplement this list, Defendant intends to conduct discovery on the following topics: (1) Plaintiff's purported rights in the allegedly-infringed works (including, without limitation, the manner by which Plaintiff came to own its alleged rights in each of the allegedly-infringed works, and the contractual and/or business relationships between Plaintiff and the original photographers of the allegedly-infringed works); (2) facts relevant to the validity of the U.S. Copyright Registrations covering the allegedly-infringed works; (3) the underlying facts of Plaintiff's allegations (including, without limitation, Plaintiff's evidence of Defendant's alleged infringements); (4) Plaintiff's alleged damages and calculation thereof; (5) Plaintiff's licensing activities with respect to the allegedly-infringed works; (6) use of the allegedly-infringed works by third parties; (7) Plaintiff's copyright enforcement activities with respect to allegedly-infringed works; and (8) any other issues relevant to the allegations set forth in Plaintiff's Complaint and/or Defendant's defenses to Plaintiff's allegations.

<u>Joint Statement:</u> No discovery has been taken to date and currently there are no discovery disputes. The parties have discussed a discovery plan and have agreed on a proposed discovery schedule listed below.

| **DISCOVERY ACTIVITIES** | **COMPLETION DATE** |
|---|---|
| Initial Disclosures | By December 4, 2015 |
| Close of all non-expert discovery | By April 6, 2016 |
| Close of expert discovery | By May 18, 2016 |
| Dispositive Motion Deadline | By June 17, 2016 |

c. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

The parties agree: (a) that the disclosure or production of electronic or computer-based media will be limited to data reasonably available to the parties

3

in the ordinary course of business absence a showing of good cause; (b) that in the event disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business is sought, the cost shall be borne by each of the respective parties; and (c) that they shall each produce electronically stored information in formats reasonably useable to the receiving party without the need to create databases and data fields that do not already exist.

    d. *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

Plaintiff's Statement: Plaintiff requires that: (a) any information regarding Plaintiff's sales history, licensing fees, or other sales-related information shall be confidential; and (b) the parties stipulate to a protective order prior to disclosure of discovery-related information.

Defendant's Statement: Defendant (a) reserves the right to dispute the improper confidentiality or attorney's-eyes-only designation of any documents or information produced by Plaintiff; and (b) consents to entry of a protective order prior to disclosure of discovery-related information.

    e. *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

At the current time, the parties do not request any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

    f. *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)*

Plaintiff's Statement: As stated above, Plaintiff requests that the Court issue a protective order, prior to the parties' disclosure of discovery-related information.

Defendant's Statement: Defendant consents to entry of a protective order prior to disclosure of discovery-related information.

**vi. A brief statement by the plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff's Statement: This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

<ins>Defendant's Statement:</ins> Defendant agrees that this Court has subject matter jurisdiction over claims for copyright infringement pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

**vii. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.**

Please see the parties' "Brief Statement of the Case" above.

**viii.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

The parties agree that the case is to be tried with a jury, and that the estimated length of trial is approximately three days.

**ix. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

Not all parties have consented to trial of the case by a magistrate judge.

**x. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.**

At this time, no stipulations or agreed statements of fact or law have been agreed to by the parties.

        Respectfully submitted,

Dated:   November 24, 2015        /s/Craig B. Sanders_____
        Craig B. Sanders, Esq. (CS4163)
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Telephone: (516) 203-7600
        Facsimile: (516) 281-7601
        csanders@sanderslawpllc.com
        *Attorneys for Plaintiff*

Dated:   November 24, 2015        /s/ Alexander Malbin_____
        Alexander Malbin, Esq.
        Ferdinand IP
        125 Park Ave., Suite 2508
        New York, New York
        Telephone: 212-220-0523
        amalbin@24iplg.com
        *Attorneys for Defendant*

SO ORDERED.

DATED:  New York, New York

     _____, 20\_\_\_

        _____
        Honorable John G. Koeltl
        United States District Judge